```
JS-6                    UNITED STATES DISTRICT COURT              Priority    ____
                        CENTRAL DISTRICT OF CALIFORNIA            Send        ____
                                                                  Enter       ____
                                                                  Closed      ____
                              CIVIL MINUTES - GENERAL             JS-5/JS-6   ____
                                                                  Scan Only   ____
```

**CASE NO.:** ED CV 14-01893 SJO (KKx)    **DATE:** September 29, 2014

**TITLE:**  Federal National Mortgage Association v. Shawnna Brown

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY**

This matter is before the Court on its own motion. On February 11, 2014, Plaintiff Federal National Mortgage Association ("Plaintiff") initiated this unlawful detainer action in the Superior Court of the State of California, County of San Bernardino. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) Plaintiff alleges that Defendant Shawnna Brown ("Defendant") is unlawfully present on Plaintiff's property, which was purchased at a trustee's sale on October 25, 2013, after Defendant received notice to vacate on November 15, 2013. On September 10, 2014, Defendant removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Defendant argues that the Court has federal question jurisdiction. (Notice ¶¶ 4, 7.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g.*,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>ED CV 14-01893 SJO (KKx)</u>   **DATE:** <u>September 29, 2014</u>

*Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state-law cause of action for unlawful detainer and cites no federal law. (*See generally* Compl.) In the Notice, however, Defendant claims that Plaintiff's claim is based on a notice which expressly references and incorporates "the Protecting Tenants at Foreclosure Act of 2009." (Notice ¶ 7.) At best, Defendant could use this as a defense to Plaintiff's claim, but federal defenses do not convert a state-law claim into a federal one. *Williams*, 482 U.S. at 392. Federal courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction. *Aurora Loan Services, LLC v. Montoya*, No. 11-cv-2485 MCE (KJN), 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citing *SD Coastline LP v. Buck*, No. 10-CV-2108 MMA (NLS), 2010 WL 4809661, at *1-3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)).

Defendant has failed to meet the burden of demonstrating that a federal question has been raised. Accordingly, the Court **REMANDS** this action to the Superior Court of California for San Bernardino County. This action shall close.

IT IS SO ORDERED.